891 P.2d 1061

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Rubio Alejandro MARTINEZ,
Defendant–Respondent.**

No. 20994.

Court of Appeals of Idaho.

March 27, 1995.

Larry EchoHawk, Atty. Gen., Boise; Kipp L. Manwaring, Sp. Deputy Atty. Gen., Rexburg, for appellant. Kipp L. Manwaring argued.

W. Brent Eames, Rexburg, for respondent.

LANSING, Judge.

The State of Idaho appeals from an order of the district court granting Rubio Alejandro Martinez's motion to dismiss an information charging him with burglary, I.C. § 18–1401, by having aided and abetted the commission of burglary by an accomplice. At issue is whether Martinez's accomplice committed burglary when he reached through an open window of a truck and stole a cassette player from within. We hold that this act did not fall within the statutory definition of burglary, and we therefore affirm the district court's order dismissing the information.

The facts of this case are not in dispute and are drawn from testimony given by the owner of the truck at Martinez's preliminary hearing. Late at night on July 28, 1993, as the owner of the truck was across the street from his parked vehicle, he observed an automobile with three occupants drive slowly down the street, turn around, and park immediately behind his truck. One of the passengers exited the automobile, walked to the truck, reached through an open window and emerged with the truck's pull-out cassette player. The thief quickly returned to the automobile, and he and the other occupants made their escape before the owner of the truck could respond. The truck owner later identified Martinez as the driver of the automobile.

■ Martinez and the individual who allegedly took the cassette player were arrested and charged with burglary.[1] Idaho Code § 18–1401 defines burglary to include, among other things, entry into a "closed vehicle" with intent to commit theft or any felony. At the conclusion of his preliminary hearing, Martinez moved to dismiss the complaint on grounds that the evidence did not show probable cause to believe that a burglary was committed. Specifically, Martinez argued that the prosecution had failed to show that the truck was a "closed vehicle" within the meaning of the burglary statute in light of testimony that the thief had reached through an open window of the truck to gain access to the tape player. The magistrate denied Martinez's motion and bound him over to the district court for trial.

Martinez renewed his motion to dismiss before the district court. The district court granted the motion, holding that entry of a "closed vehicle," as used in I.C. § 18–1401, means an entrance into a vehicle that is made by opening an exterior or interior barrier such as by opening or breaking through a closed window or door. Since the thief in this case had not opened any barrier, but had made entry through an already open window, the district court held that no "burglary" had been shown, and the charge against Martinez was dismissed.

On appeal the State argues that the district court's interpretation of the statute is incorrect. The State contends that the term "closed vehicle" refers to the intrinsic character of the vehicle rather than its temporary condition at the time of the illegal entry. According to the State, a vehicle is closed if it has an enclosed passenger compartment or cab, regardless of whether the doors and

---

1. Under Idaho law, persons who aid and abet the commission of a crime are considered principals in any crime so committed. I.C. § 18–204.

windows are open or shut. Thus a truck, bus, or passenger automobile would be a closed vehicle while a motorcycle or a cabless tractor would not.

The statute in question, I.C. § 18–1401, provides:

> Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse, or other building, tent, vessel, closed vehicle, closed trailer, airplane or railroad car, with intent to commit any theft or any felony, is guilty of burglary.

The only issue presented by this appeal is the meaning of the term "closed vehicle" within the context of this statute.

■ This issue of statutory interpretation presents a question of law which we are free to review without deference to the decision of the district court. *State v. Martinez,* 122 Idaho 158, 161, 832 P.2d 331, 334 (Ct. App.1992); *State v. Nelson,* 119 Idaho 444, 446, 807 P.2d 1282, 1284 (Ct.App.1991). The focus of a court in construing a statute is to determine and give effect to the intent of the legislature. *George W. Watkins Family v. Messenger,* 118 Idaho 537, 540, 797 P.2d 1385, 1388 (1990); *Carpenter v. Twin Falls County,* 107 Idaho 575, 691 P.2d 1190 (1984); *Umphrey v. Sprinkel,* 106 Idaho 700, 682 P.2d 1247 (1983).

In this case, consideration of the statute's history is helpful in determining the probable legislative intent. The burglary statute was originally enacted as Section 7014 of the Revised Statutes of Idaho Territory (1887), and defined burglary as follows:

> Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse, or other building, tent, vessel, or railroad car, with intent to commit grand or petit larceny or any felony, is guilty of burglary.

In 1963 burglary was redefined with the insertion of the words, "closed vehicle, closed trailer and airplane" into the list of places that may be burgled.[2] 1963 Sess.Laws 774. Vehicles and trailers thus became the sole

items that are subject to burglary only if they are "closed."

■ At common law, burglary involved a forced breach of the security of the place entered. This was known as the "breaking" element. Entry through a preexisting opening, such as an open door or window, did not constitute a breaking and therefore was not a burglary. *Matthews v. State,* 113 Idaho 83, 86, 741 P.2d 370, 373 (Ct.App.1987). 2 Wayne R. LaFave & Austin W. Scott, Jr., SUBSTANTIVE CRIMINAL LAW § 8.13(a) (1986). However, the Idaho Supreme Court long ago held that Idaho's burglary statute modified the common law in that it did not require proof of a breaking. *State v. Sullivan,* 34 Idaho 68, 76, 199 P. 647, 650 (1921) (interpreting C.S. § 8400, a predecessor to § 18–1401). *See also State v. Vanek,* 59 Idaho 514, 519, 84 P.2d 567, 569 (1938); *State v. Bull,* 47 Idaho 336, 276 P. 528 (1929).

■ It is assumed that when the legislature adopts or amends a statute, it does so with full knowledge of the existing judicial decisions and case law of the state. *George W. Watkins Family,* 118 Idaho at 540, 797 P.2d at 1388. Accordingly, we assume that at the time of the 1963 amendment the Idaho legislature was fully aware that burglary, as then statutorily defined, did not require a breaking. We are also required to give effect to every word and clause of a statute and may not construe a statute in such a way as to make mere surplusage of any of its provisions. *Id.; Hartley v. Miller–Stephan,* 107 Idaho 688, 690, 692 P.2d 332, 334 (1984). Therefore, we may not ignore the word "closed" but must assume that the legislature had a purpose when it attached this modifier to the terms "vehicle" and "trailer." We bear in mind also the well-established rule that an ambiguous criminal statute must be strictly construed in favor of the accused. *State v. Thompson,* 101 Idaho 430, 437, 614 P.2d 970, 977 (1980); *State v. Roll,* 118 Idaho 936, 939, 801 P.2d 1287, 1290 (Ct.App.1990).

■ Applying these rules of statutory construction, we conclude that the Idaho legisla-

---

2. A further amendment to the statute in 1981 replaced the phrase "grand or petit larceny" with the phrase "any theft." 1981 Sess.Laws, 319, 326.

ture intended to restore breaking as a required element for burglary of a vehicle or trailer by specifying in the 1963 amendment that entry with a felonious intent will constitute a burglary only if the vehicle or trailer is "closed." The legislature apparently decided, as it was free to do, that an act of opening a door or a window or otherwise breaking through a barrier of a vehicle or trailer in order to commit theft (or some other felony) is a more culpable act than is theft of an item that has been left accessible on an unenclosed bed of a truck or trailer or in the passenger compartment of a vehicle with open doors or windows. If, as the State urges, the legislature had intended "closed vehicle" to mean any vehicle with an enclosed passenger compartment or cab, regardless of whether the doors and windows are open or shut, we believe it could and would have chosen language that more clearly expresses such purpose.

The State relies heavily on this Court's opinion in *State v. Martinez*, 122 Idaho 158, 832 P.2d 331 (Ct.App.1992), in support of its argument that whether a vehicle is a "closed vehicle" within the meaning of the burglary statute should turn on the character of the vehicle rather than its temporary condition at the time of the entry. In *Martinez*, this Court applied a "character and use" test in determining that a camper not attached to a truck but instead resting immo-

bile on the ground could be considered a vehicle within the meaning of the burglary statute. The issue resolved in that case was whether under the burglary statute a camper was a "vehicle," not whether it was "closed." We continue to adhere to the determination in *Martinez* that an object's identity as a vehicle does not change with its temporary condition (for example, whether it is operable or inoperable at the time of entry). We conclude, however, that whether a vehicle is "closed" or open is a matter of a temporary, alterable state turning upon the vehicle's condition at the time of entry, not upon characteristics that hypothetically would make it *possible* to close the vehicle.

Accordingly, we hold the district court correctly determined that the preliminary hearing evidence did not show probable cause to believe that Martinez participated in a burglary as defined in I.C. § 18–1401. The district court's order dismissing the information that charged Martinez with burglary is affirmed.

WALTERS, C.J., and PERRY, J., concur.