917 P.2d 804

STATE of Idaho, Plaintiff–Respondent,

v.

Glenn T. PUSEY, Defendant–Appellant.

No. 22420.

Court of Appeals of Idaho.

May 30, 1996.

Everett D. Hofmeister, Hayden, for appellant.

Alan G. Lance, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

In this case we are asked to review a judgment of conviction for felony driving under the influence. After a review of the facts and the applicable law, we affirm.

## I.

### FACTS AND PROCEDURE

Glenn T. Pusey was involved in a traffic accident in March 1995. As a result, Pusey was charged with driving under the influence (DUI) and aggravated driving under the influence. I.C. §§ 18–8004, –8006. The DUI charge was enhanced to a felony on the grounds that Pusey had two prior convictions within five years of that offense. I.C. § 18–8005(5).[1] Pusey entered an *Alford* plea to the felony DUI charge.[2] In exchange for the plea, the state dismissed the aggravated DUI charge and an unrelated charge of obstructing an officer. The state recommended that the sentence for the felony DUI be imposed concurrently with the sentences for pending

---

1. Idaho Code Section 18–8005(5) provides in part:

 Except as provided in section 18–8004C, Idaho Code, any person who pleads guilty to or is found guilty of a violation of the provisions of section 18–8004(1)(a), (b) or (c), Idaho Code, who previously has been found guilty of or has pled guilty to two (2) or more violations of the provisions of section 18–8004(1)(a), (b) or (c), Idaho Code, or any substantially conforming foreign criminal violation, or any combination thereof, within five (5) years, notwithstanding the form of the judgment(s) or withheld judgment(s), shall be guilty of a felony. . . .

2. *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

misdemeanor charges of obstructing an officer and driving without privileges. The state further agreed to forego filing probation violation charges related to these incidents. The district court imposed a unified sentence of five years, with a minimum period of incarceration of two years, for the felony DUI, to be served consecutively with the sentences for the misdemeanor offenses.

Pusey appeals, claiming that he was guilty only of misdemeanor DUI and that his plea to a felony was therefore accepted in error.

## II.

## ANALYSIS

 On appeal, Pusey asserts that his felony DUI conviction should be overturned. He claims that one of the two misdemeanor DUI charges, which led to the enhancement of the instant offense to a felony, fell outside the five-year computation period. He asserts that the offense in this case was therefore punishable as a misdemeanor and his plea to the greater charge should be set aside. Pusey invites this Court to remand the case for sentencing as a misdemeanor.

The plea agreement signed by Pusey, his attorney and the prosecuting attorney provided:

The Defendant will acknowledge that although he may have a defense to the three DUI convictions falling within the five-year period, he is specifically giving up any right to such defense as part of these plea negotiations. Further, the Defendant will stipulate that the entry of such plea shall be designated by the court as Nunc Pro Tunc to May 10, 1995.

Pusey presents the following issues on appeal:

(1) Whether a defendant may be convicted after entering a conditional plea of guilty on May 30, 1995, for a third violation of driving under the influence where one of the prior two convictions was on May 14, 1990;

(2) Whether, even with the defendant's consent, a plea may be backdated to obtain a felony conviction for driving under the influence;

(3) Whether the district court erred in imposing the judgment and sentence for a felony being the third conviction of driving under the influence within five years where the plea of guilty was entered on May 30, 1995, and both the complaint and information charged one of the two prior convictions was on May 14, 1990, without recognizing that the plea was backdated with the questionable consent of the defendant;

(4) Error may be so fundamental and obvious that any failure to object or waive an objection does not bar the same being raised on appeal.

We note that Pusey's arguments each involve the premise that Pusey was not guilty of a felony because only one of the predicate DUIs actually occurred within five years of the current offense. The determinative issue then is whether both DUIs used to enhance the current offense were properly considered within the computation period, making the felony DUI valid. If the DUI in this case was properly charged as a felony, the remaining issues need not be addressed.

The first DUI offense used as the underlying basis for the felony DUI was a conviction from May 14, 1990. The second underlying offense resulted from a conviction on March 21, 1994. The incident which led to the charge in this case occurred on March 18, 1995. Pusey's plea was not accepted by the district court, however, until May 30, 1995.

The state contends that the three convictions were within the statutory period due to the tolling effect of Idaho Code Section 18–8005(6). That section provides:

For the purpose of computation of the enhancement period in subsections (4), (5) and (7) of this section, the time that elapses between the date of commission of the offense and the date the defendant pleads guilty or is found guilty for the pending offense shall be excluded.

 The issue of statutory interpretation presents a question of law over which the appellate courts have free review. *State v. Martinez*, 126 Idaho 801, 803, 891 P.2d 1061, 1063 (Ct.App.1995). Criminal statutes must be interpreted to give effect to the legislative intent as expressed. *State v. Nel-*

*son,* 119 Idaho 444, 446, 807 P.2d 1282, 1284 (Ct.App.1991).

 As noted, I.C. § 18–8005(6) provides that the time that elapses between the date of commission of "the offense" and the date the of the entry of a plea or finding of guilt of "the pending offense" shall be excluded from the computation of the five-year enhancement period. Having reviewed the language of the statute, and mindful of the principles of statutory interpretation, we conclude that the statute was designed to exclude from consideration the period between the commission of the pending offense and the entry of a plea or finding of guilt for the same offense. Thus, in this case, the period between March 18, 1995, and May 30, 1995, is not to be considered in the computation of the five-year period for a felony DUI. The five-year period for DUIs in this or foreign jurisdictions is, therefore, to be measured backward from the date of the pending offense, March 18, 1995. This reading is in keeping with the intent of legislature in amending this provision.

Idaho Code Section 18–8005(6) was amended by the legislature in 1992. At the same time, the legislature expanded the DUI statutes to include, as a basis for enhancing a DUI to a felony, substantially conforming violations committed in other jurisdictions. I.C. § 18–8005(5). The legislature also provided that if, after a conviction for felony DUI, aggravated DUI or vehicular manslaughter, an individual commits another DUI within ten years, then that individual would be guilty of felony DUI. I.C. § 18–8005(7). In light of the contemporaneous changes to the DUI statutes and the plain language of the provision, I.C. § 18–8005(6) must be interpreted to prevent a felony being reduced to a misdemeanor due to the passage of time in awaiting trial or plea.

We decline to address the other specific issues forwarded by Pusey, because each hinges on the incorrect presumption that Pusey did not commit three DUIs in five years within the meaning of the statute. Pusey's waiver of a defense to which he had no right need not be addressed further.

### III.

### CONCLUSION

The computation period set forth in I.C. § 18–8005(5) is tolled between the commission of an offense and the time a plea or finding of guilt is entered, pursuant to I.C. § 18–8005(6). Pusey's objections to his conviction, based on the premise that his 1990 DUI was improperly used to enhance his 1995 DUI to a felony, are without merit. We affirm the district court's judgment of conviction and sentence.

WALTERS, C.J., and LANSING, J., concur.