945 P.2d 863

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Armando ORTEGA, Defendant–Appellant.**

No. 22825.

Court of Appeals of Idaho.

July 24, 1997.

Rehearing Denied Oct. 9, 1997.

Van G. Bishop, Canyon County Public Defender; Wesley G. Wilhite, Deputy Public Defender (argued), Nampa, for defendant–appellant.

Alan G. Lance, Attorney General; Michael A. Henderson, Deputy Attorney General (argued), Boise, for plaintiff–respondent.

LANSING, Judge.

This appeal challenges the district court's order denying the defendant's motion to dismiss a charge of burglarizing a vehicle. We affirm the order.

In August 1995, Armando Ortega walked up to an unattended Chevrolet Cavalier in a Caldwell parking lot. He reached into the automobile through the partially opened driver's side window and unlocked the car door. Ortega then opened the door, entered the car and used a set of pliers to remove the car's stereo, which he stole. Police investigating the crime found on the window a handprint which was identified as being that of Ortega. Upon being interrogated by Caldwell police officers, Ortega confessed to the crime. He was charged with burglary, I.C. § 18–1401, and petit theft, I.C. § 18–2403, –2407(2).

Ortega moved to have the burglary charge dismissed, arguing that the statute under which he was charged prohibits only entry into "closed vehicles" and does not apply to vehicles, like the one in this case, with an open window. The district court denied the motion to dismiss, and Ortega then entered into an I.C.R. 11 conditional guilty plea, reserving his right to appeal the district court's ruling on his motion. This appeal followed.

At the time of Ortega's offense, the burglary statute, I.C. § 18–1401 provided:

> Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse, or other building, tent, vessel, closed vehicle, closed trailer, airplane or railroad car, with intent to commit any theft or any felony, is guilty of burglary.[1]

Ortega contends that the evidence presented at the preliminary hearing did not establish that he entered a "closed vehicle," as proscribed by this statute, because the driver's side window was slightly open.

In support of this proposition, Ortega relies upon *State v. Martinez*, 126 Idaho 801, 891 P.2d 1061 (Ct.App.1995), where this Court held that a defendant had not violated the terms of I.C. § 18–1401 when he reached

---

1. The text of I.C. § 18–1401 was amended in 1997 to eliminate the word "closed" from the statute. 1997 Idaho Sess. Laws, ch. 87, § 1, at 212.

through the open window of a pickup truck to steal a stereo. In that case, we concluded that the legislature's use of the adjective "closed" to modify "vehicle" and "trailer" in § 18–1401 evidenced a legislative intent to restore the common law element of "breaking" as a component of burglary when the thing unlawfully entered was a vehicle or a trailer. The requirement of a breaking had not otherwise been an element of burglary under Idaho's statutory definition of the crime. *See State v. Sullivan,* 34 Idaho 68, 76, 199 P. 647, 650 (1921); *Martinez,* 126 Idaho at 803, 891 P.2d at 1063. In our *Martinez* opinion we explained:

> At common law, burglary involved a forced breach of the security of the place entered. This was known as the "breaking" element. Entry through a preexisting opening, such as an open door or window, did not constitute a breaking and therefore was not a burglary.
>
> . . . .
>
> [W]e conclude that the Idaho legislature intended to restore breaking as a required element for burglary of a vehicle or trailer by specifying in the 1963 amendment that entry with a felonious intent will constitute a burglary only if the vehicle or trailer is "closed." The legislature apparently decided, as it was free to do, that an act of opening a door or a window or otherwise breaking through a barrier of a vehicle or trailer in order to commit theft (or some other felony) is a more culpable act than is theft of an item that has been left accessible on an unenclosed bed of a truck or trailer or in the passenger compartment of a vehicle with open doors or windows.

*Id.* at 803–04, 891 P.2d at 1063–64. We thus concluded that Martinez could not be convicted for burglary because he had reached through a preexisting opening to commit a theft and had not broken through any barrier to do so.

Ortega's argument that the same result should be obtained here ignores crucial distinctions between his case and *Martinez.* Ortega did more than merely place his arm through an already open window of a vehicle to take an item from within the passenger compartment. Ortega reached through a narrow opening in the top of a partially rolled down window, unlocked the door, opened the door, and entered the vehicle in furtherance of his theft of the stereo. The act of opening the door breached a barrier of the vehicle which had been closed to public intrusion and, under the *Martinez* analysis, constituted a breaking. The district court was therefore correct in denying Ortega's motion.

The order of the district court denying Ortega's motion to dismiss the charge of burglary is affirmed.

WALTERS, C.J., and PERRY, J., concur.