965 P.2d 206

STATE of Idaho, Plaintiff–Respondent,

v.

Dana E. DEWEY, Defendant–Appellant.

Nos. 24120, 24121.

Court of Appeals of Idaho.

Sept. 4, 1998.

Hutchinson, Lammers & Clark, Chtd., Twin Falls, for defendant-appellant.

Alan G. Lance, Attorney General; Kimberly A. Coster, Deputy Attorney General, Boise, for plaintiff-respondent.

SCHWARTZMAN, Judge.

Dana Edward Dewey appeals from his judgments of conviction and sentences for lewd conduct with a minor under sixteen, I.C. § 18–1508, and escape, I.C. § 18–2505. For the lewd conduct offense, Dewey received a unified twelve-year sentence, with seven years fixed. The district court also imposed a five-year fixed sentence for the escape offense to run consecutive to Dewey's lewd conduct sentence. On appeal, Dewey argues that the district court abused its discretion in imposing the escape sentence to run consecutive to his lewd conduct sentence rather than consecutive to the underlying sentences for which he had been placed on parole. Dewey further asserts that the sentences imposed are excessive.

## I.

## FACTUAL & PROCEDURAL BACKGROUND

On August 8, 1996, Dewey was released on parole after serving approximately five and one-half years of a ten-year sentence for grand theft and forgery. That same day, Dewey picked up his girlfriend's thirteen-year-old daughter, T.J.K., and took her out for a "special day" alone with him to celebrate his release from prison. Dewey and T.J.K. first went to the liquor store and then swimming. After they were done swimming, Dewey took T.J.K. to a motel room where they both drank alcoholic beverages. Dewey then proceeded to insert his penis in T.J.K.'s vagina two times but ceased when T.J.K. pleaded with him to stop. Dewey and T.J.K. spent the night at the motel and the next day, while T.J.K. showered, Dewey attempted to engage in intercourse with her. When T.J.K. protested, Dewey fondled her breasts and vagina.

On September 15, 1996, during the course of an unrelated drug investigation which resulted in Dewey's arrest for a parole violation[1] and the search of his vehicle, officers found a Polaroid photograph of T.J.K. taken at the motel. Officers contacted T.J.K.'s

---

1. The record does not indicate, nor do the parties specify, when Dewey admitted to violating his parole.

mother to discuss the situation and also interviewed the victim on September 26. The following day Dewey was taken from the county jail and formally charged with sexual offenses committed upon T.J.K.

On February 11, 1997, Dewey pled guilty to lewd conduct with a minor under sixteen, I.C. § 18–1508. In exchange, the state dismissed a second charge of sexual abuse of a child under the age of sixteen. While awaiting sentencing, Dewey escaped from jail and was apprehended a day later. On May 14, 1997, Dewey was charged with escaping from the Jerome County Jail while being held on a "probation" violation[2] *and* while awaiting sentencing on the lewd conduct charge. Dewey pled guilty to the escape charge and both cases were consolidated for purposes of sentencing on June 24, 1997. For the lewd conduct offense, the district court imposed a unified twelve-year sentence, with seven years fixed, to run concurrent with the prior grand theft and forgery sentences for which Dewey was on parole. For the escape offense, the court imposed a five-year fixed sentence to run consecutive to Dewey's lewd conduct sentence.

## II.

## ANALYSIS

**A. District Court Did Not Err In Ordering Dewey's Fixed Five–Year Escape Sentence To Run Consecutive To Unified Twelve–Year Sentence For Lewd Conduct With A Minor**

 Dewey argues that the district court erred in imposing his sentence for escape to run consecutive to his sentence for lewd conduct rather than his previous sentences for grand theft and forgery. Specifically, he asserts that because he was being held on separate felonies at the time of his escape, and because the escape statute is ambiguous with respect to the statutory meaning of "would otherwise have been discharged" within this context, the doctrine of lenity applies and the escape sentence should be

imposed to run consecutive to the lesser sentence.

 This Court exercises free review over the application and construction of statutes. *State v. Browning,* 123 Idaho 748, 749, 852 P.2d 500, 501 (Ct.App.1993); *Hanks v. State,* 121 Idaho 153, 154, 823 P.2d 187, 188 (Ct.App.1992). In construing a statute, we attempt to give effect to the intent of the legislature. *State v. Martinez,* 126 Idaho 801, 803, 891 P.2d 1061, 1063 (Ct.App.1995). If possible, legislative intent is determined by the plain language of the statute. *State v. Nunes,* 131 Idaho 408, 409, 958 P.2d 34, 35 (Ct.App.1998). However, if a criminal statute is ambiguous, the doctrine of lenity applies and the statute must be construed in favor of the accused. *Martinez,* 126 Idaho at 803, 891 P.2d at 1063.

In relevant part, the escape statute provides as follows:

Every prisoner *charged with, convicted of, or on probation for a felony* who is confined in any jail or prison including the state penitentiary, or who while outside the walls of such jail or prison in the proper custody of any officer or person, ... who escapes or attempts to escape from such officer or person, or from such jail or prison, ... shall be guilty of a felony, and upon conviction thereof, any such second term of imprisonment shall *commence at the time he would otherwise have been discharged.*

I.C. § 18–2505(1) (emphasis added). Contrary to Dewey's assertion of ambiguity, the language of this statute is clear. Any person who escapes while *charged* with, *convicted* of, or *on probation* for a felony will be sentenced to a consecutive term of imprisonment to begin "at the time he would otherwise have been discharged." This Court has previously held that

an escape sentence may, if it specifically so provides, commence when the defendant otherwise would be discharged on the other felony, even if a sentence for that felony has not yet been pronounced. So long as the other felony is adequately identified,

2. Although the information states that Dewey was being held on a probation violation, Dewey was in fact on parole and thus being held on a

parole violation. Accordingly, jurisdiction over that violation resides with the Idaho Commission of Pardons and Parole. I.C. § 20–229, –229B.

custodial authorities can ascertain when the defendant would be entitled to discharge from custody on that felony. *State v. Mendenhall,* 106 Idaho 388, 393, 679 P.2d 665, 670 (Ct.App.1984).[3]

Pursuant to this authority, we hold that the district court properly utilized Dewey's lewd conduct sentence, rather than his parole violation, as the correct measure to ascertain when he would otherwise be discharged. At the time of his escape, although Dewey had yet to be sentenced, he had already pled guilty to the lewd conduct charge. Because that offense was adequately identified in the information, the district court properly determined that the date Dewey would otherwise be discharged would be at the conclusion of his lewd conduct sentence. Dewey had an indeterminate four-and-one-half-year term left to serve on the prior felony sentences for which he was on parole, but received a unified twelve-year sentence, with seven years fixed, for the lewd conduct offense. Accordingly, the earliest Dewey could otherwise be eligible to be "discharged" would be only after serving the fixed seven-year portion of his lewd conduct term.

We hold that the district court did not err in ordering the escape sentence to run consecutive to Dewey's sentence for lewd conduct.

**B. The District Court Did Not Abuse Its Discretion In Imposing A Unified Twelve–Year Sentence With Seven Years Fixed For The Lewd Conduct Charge And A Fixed Five–Year Sentence For The Escape Charge**

Dewey argues that because he is facing a potential seventeen-year period of incarceration and will be fifty-eight years old at the time he is discharged, his sentence is excessive. Although Dewey acknowledges that he is a long-term drug and alcohol addict and that he has sexual offender issues, he asserts that seventeen years without the tools and programs necessary for rehabilitation only serves to make him a greater danger to society upon his release.

■ Where a sentence is within the statutory limits, the appellant bears the burden of demonstrating that it is a clear abuse of discretion. *State v. Hedger,* 115 Idaho 598, 604, 768 P.2d 1331, 1337 (1989). A sentence may constitute a clear abuse of discretion if it is unreasonable upon the facts of the case. *State v. Broadhead,* 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992). A sentence is reasonable if at the time of imposition it appears necessary to achieve "the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). Where an appellant asserts that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record and focus upon the nature of the offense and the character of the offender. *State v. Hernandez,* 121 Idaho 114, 118, 822 P.2d 1011, 1015 (Ct.App.1991); *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982).

■ As previously noted, Dewey committed the acts against T.J.K. on the very day he was released on parole. It is clear from Dewey's presentence investigation report that he has been given numerous opportunities for rehabilitation through retained jurisdiction, probation and suspended sentences, but has failed to conform his conduct to the law. In addition to his prior felonies, Dewey's record is replete with alcohol-related misdemeanors. It must be emphasized that Dewey could have received a fixed life sentence for his lewd conduct offense alone. I.C. § 18–1508. Given the seriousness of Dewey's offense and the extent of his prior record, the court's imposition of a unified twelve-year sentence with seven years fixed is reasonable. The addition of a consecutive fixed five-year sentence for escape does not render the lewd conduct sentence unreasonable. In an attempt to evade responsibility

---

3. We note that I.C. § 18–308 gives the court discretionary authority to impose consecutive sentences for the lewd conduct and escape charges irrespective of the dictates of I.C. § 18–2505(1).

for his crimes, Dewey escaped from jail before sentencing. Again, given the nature of the underlying charge, a fixed five-year sentence for escape is not unreasonable and the district court did not abuse its discretion.

## III.

### CONCLUSION

We affirm Dewey's judgment of conviction and unified twelve-year sentence, with seven years fixed, for lewd conduct and affirm Dewey's judgment of conviction and fixed five-year consecutive sentence for escape.

LANSING, C.J. and PERRY, J., concur.