147 P.3d 91

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Klee Lee MORRISON, Defendant–Appellant.**

**No. 31424.**

Court of Appeals of Idaho.

Oct. 19, 2006.

460

Pena Law Offices, Rupert, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ralph R. Blount, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge.

Klee Lee Morrison appeals from his judgments of conviction, entered following his conditional pleas of guilty to grand theft and criminal conspiracy to commit grand theft. Specifically, Morrison challenges the district court's interpretation of Idaho Code § 18–2407(1)(b)(7) in regard to the valuation of livestock. We affirm.

## I.

## BACKGROUND

In April 2004, Morrison was charged with two counts of grand theft, I.C. §§ 18–2403(1) and 18–2407(1)(b)(7), and one count of conspiracy to commit grand theft, I.C. § 18–1701, after he and two others agreed to and did take four newborn calves from a farmer in Cassia County over the course of two nights. Morrison filed a motion to dismiss the charges on the ground that the value of each calf was less than $150 and therefore below the threshold for grand theft. The district court denied the motion, concluding that theft of livestock is a felony regardless of value. Morrison pled guilty to one count each of grand theft and conspiracy to commit

grand theft reserving his right to appeal the district court's ruling. This appeal followed.

## II.

## ANALYSIS

■ As pertinent to this appeal, section 18–2407(1)(b)(7) provides that "[a] person is guilty of grand theft when he commits a theft as defined in this chapter and when ... [t]he property taken or deliberately killed is livestock or any other animal exceeding one hundred fifty dollars ($150) in value." Although admitting to taking three calves in one night as alleged in Count II, Morrison contends he committed a misdemeanor rather than a felony. He argues that under section 18–2407(1)(b)(7), each calf individually must exceed $150 in value and that since the statute is ambiguous, it must be construed in his favor. The district court disagreed and, relying largely on what it considered to be the disjunctive implication of the word "or" in the statute's grammatical structure, interpreted the statute to mean that the taking of any livestock, regardless of value, amounts to felony grand theft.

■ The interpretation of a statute is a question over which we exercise free review. *Lopez v. State,* 136 Idaho 174, 178, 30 P.3d 952, 956 (2001). In construing a statute, we attempt to give effect to the intent of the legislature. *State v. Dewey,* 131 Idaho 846, 848, 965 P.2d 206, 208 (Ct.App.1998); *State v. Martinez,* 126 Idaho 801, 803, 891 P.2d 1061, 1063 (Ct.App.1995). If possible, legislative intent is determined by the plain language of the statute. *Dewey,* 131 Idaho at 848, 965 P.2d at 208; *State v. Nunes,* 131 Idaho 408, 409, 958 P.2d 34, 35 (Ct.App.1998). However, if a criminal statute is ambiguous, the doctrine of lenity applies and the statute must be construed in favor of the accused. *Martinez,* 126 Idaho at 803, 891 P.2d at 1063. As the Idaho Supreme Court has noted:

A statute defining a crime must be sufficiently explicit so that all persons subject thereto may know what conduct on their part will subject them to its penalties. A criminal statute must give a clear and unmistakable warning as to the acts which will subject one to criminal punishment,

and courts are without power to supply what the legislature has left vague. An act cannot be held as criminal under a statute unless it clearly appears from the language used that the legislature so intended. (Citations omitted).

*State v. Thompson,* 101 Idaho 430, 437, 614 P.2d 970, 977 (1980). On this basis Morrison urges that the alleged ambiguity of section 18–2407(1)(b)(7) should result in the statute being construed in his favor, specifically that it be interpreted to mean each calf taken must have exceeded $150 in value.

We agree. As the state points out, the legislative history of the statute unequivocally reveals that when the statute was amended to essentially the same language as the current version, the legislature intended the $150 designation to apply to livestock as well as "any other animal." *See Statement of Purpose,* 1987 Idaho Sess. Laws, Ch. 84 ("The purpose of this bill is to make the theft of livestock the *same* as all other properties under Idaho Code for grand theft. In other words, if livestock exceeding one hundred fifty dollars ($150.00) in value is stolen, that act will be an act of grand theft."). We do not, however, base our decision on this ground as we are bound by the Supreme Court's admonition in *Thompson* that the intention of a statute must appear in its language in order to comport with the well settled principle that a criminal statute must be sufficiently explicit to warn of proscribed conduct. *Thompson,* 101 Idaho at 438, 614 P.2d at 978. ("While the appellant may be correct that it was the legislative intent to deter not only a person who actually possesses a gun, but all principals involved in a crime in which a dangerous weapon was employed, we cannot make such an interpretation for the legislature when no such intention appears from the language of the statute. To hold otherwise would be supplying what the legislature left vague and this we cannot do.").

■ This conclusion adopting Morrison's interpretation of the statute does not call for relief from his felony conviction, however, because the value of the three calves must be aggregated. The values of stolen property should not be aggregated for pur-

poses of the grand theft threshold under section 18–2407 only when the property was obtained during *separate incidents* of theft from the same victim. The test for aggregation is whether the amounts were obtained pursuant to a common scheme or plan that reflected a single, continuing larcenous impulse or intent. *State v. Lloyd,* 103 Idaho 382, 383, 647 P.2d 1254, 1255 (1982); *State v. Gilbert,* 112 Idaho 805, 809, 736 P.2d 857, 861 (Ct.App.1987). When the property is stolen during a single incident there is essentially no serious discussion as to whether the values should be aggregated—they simply are cumulated. *See e.g., State v. Major,* 111 Idaho 410, 415, 725 P.2d 115, 120 (1986) (concerning property "stolen at the same time from one individual" those *items* possessed by the defendant "could have amounted to grand theft ... since their value exceeded $150"); *State v. Fry,* 124 Idaho 71, 73, 856 P.2d 108, 110 (Ct.App.1993) (concluding there was sufficient evidence the *items* Fry admitted stealing in a single incident were worth more than $150 and there was substantial evidence to find him guilty of grand theft); *State v. Regester,* 106 Idaho 296, 298, 678 P.2d 88, 90 (Ct.App.1984) (holding evidence sufficient that value of property stolen in one incident exceeded $150 where money bag found in defendant's possession contained $67, waitress's purse found in defendant's possession contained $109.46 and there was testimony that the amount taken in the burglary was $96 and the value of purse was $4). Given that Morrison stipulated he took three calves in a single incident from a single victim and that the aggregate value of these three calves is greater than $150, grand theft is the appropriate charge even though Morrison's interpretation of the statute prevails.

## III.

### CONCLUSION

■ Idaho law allows the aggregation of values of stolen property where property is taken as part of a common scheme reflecting a single, continuing larcenous intent. Therefore, even though we interpret the statute in Morrison's favor, Morrison's admission to taking three calves which, in the aggregate,

exceed $150 in value is sufficient to establish the crime of grand theft. Accordingly, the judgments of conviction for one count of grand theft and for one count of conspiring to commit grand theft are affirmed.

Chief Judge PERRY and Judge LANSING concur.