**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39352**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2013 Opinion No. 12** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: February 21, 2013** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| JOSHUA NEIL SEXTON-GWIN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Judgment of conviction for burglary, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

PERRY, Judge Pro Tem

Joshua Sexton-Gwin appeals from his judgment of conviction entered upon his conditional guilty plea to burglary. I.C. § 18-1401. Specifically, Sexton-Gwin challenges the district court's denial of his motion to dismiss. We affirm.

**I.**

**FACTS AND PROCEDURE**

Paul Siligar received a call that someone was at the place where he stored some of his equipment. He called one of his employees, Mike Sharp, to have him go check on Siligar's property. When Sharp arrived, he saw a man, later identified as Sexton-Gwin, "tinkering" with the engine compartment of Siligar's "cab-over farm truck." The engine compartment of the truck could only be accessed by unlatching the cab and then physically lifting the cab forward. Sharp called 911 and demanded that Sexton-Gwin leave. Siligar later inspected the cab-over

1

farm truck and discovered the air cleaner had been removed and there were scratches on the throttle linkage.

Sexton-Gwin was subsequently arrested and charged with burglary. He filed a motion to dismiss, arguing that the State failed to establish probable cause. The district court denied the motion and Sexton-Gwin entered a conditional guilty plea pursuant to *Alford*.[1] The district court imposed a unified term of five years, with a minimum period of confinement of two years; suspended the sentence; and placed Sexton-Gwin on probation for two years. Sexton-Gwin appeals.

## II.

## ANALYSIS

Sexton-Gwin claims that the district court erred in denying his motion to dismiss because there was no probable cause to believe that he committed the crime of burglary. He argues that unlatching and lifting the cab of the truck does not constitute an entry of a vehicle for purposes of the burglary statute. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history, or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

Pursuant to I.C. § 18-1401, burglary is defined as the entering of "any . . . vehicle . . . with intent to commit any theft or any felony." In a matter of first impression, Sexton-Gwin argues that entry into a vehicle, for the purposes of burglary, must be entry into a compartment of the vehicle that provides shelter or storage for persons or their property. Accordingly, Sexton-Gwin contends that burglary of a vehicle is limited to the entry of the passenger compartment or trunk. However, Sexton-Gwin's contention receives no support from relevant case law, the statute, or legislative intent.

In regard to case law, there is no limitation indicating that entry into a vehicle must be into the passenger compartment or trunk. While Idaho case law has not inquired about a factual scenario similar to the instant case, there is guidance regarding the required "entry" element of burglary. Prior to 1997, the burglary statute required that entry be into a "closed vehicle." Accordingly, in *State v. Martinez*, 126 Idaho 801, 891 P.2d 1061 (Ct. App. 1995), this Court held that Martinez did not enter a vehicle when he reached his hand through an open window and stole a stereo. In that case, Martinez did not break through any barriers to commit the theft, as there was already a preexisting opening. However, in *State v. Ortega*, 130 Idaho 637, 945 P.2d 863 (Ct. App. 1997), which applied the same pre-1997 burglary statute, this Court held that Ortega entered a vehicle when he reached through a narrow opening in the top of a partially rolled down window, unlocked the door, and opened the door in furtherance of his theft of the vehicle's stereo. In that case, we determined that "breach[ing] a barrier of the vehicle which had been closed to public intrusion . . . constituted a breaking." *Id.* at 638, 945 P.2d at 864. In both instances, this Court looked at whether the defendant breached a barrier in order to satisfy the entry requirement.

In response to *Martinez*, the legislature amended the burglary statute in 1997 by removing the requirement that entry into a vehicle be into a "closed" vehicle. The legislature clarified that its intention in amending the statute was to "allow prosecution for burglary of a vehicle . . . without the additional evidentiary requirement of proof of the vehicle['s] . . . temporary, alterable condition at the time of entry, such as whether the window was up or down at the time of reaching into the vehicle." Statement of Purpose, HB 97 (1997). Based on this amendment, the legislature intended to allow prosecution for burglary in situations where a person reaches through an opened window to commit a theft, like *Martinez*. This amendment clearly expands the entry requirement. Nonetheless, Sexton-Gwin argues in the instant case that

3

the entry requirement should be construed narrowly to prohibit entry only into the passenger compartment or trunk of the vehicle. This interpretation of the entry requirement would be contradictory to the legislature's expressed intent. If the legislature wanted to limit entry to only the passenger compartment or trunk, as Sexton-Gwin contends, it could have inserted language into the statute to that effect. Instead, the statute contains no limiting language and demonstrates intent to expand the entry requirement. Therefore, the burglary statute and the intent of the legislature provide no support for Sexton-Gwin's contention that entry be limited to only the passenger compartment or trunk of a vehicle.

In the instant case, the record demonstrates that Sexton-Gwin unlatched the cab, pulled two safety pins, and then tilted the cab forward exposing the engine compartment. He then got under the cab and was seen "tinkering" with parts in the engine compartment. By opening the cab, Sexton-Gwin broke a barrier of the vehicle that was closed to the public. Like *Ortega*, these actions would be sufficient to satisfy the entry requirement prior to the statute's amendment. As the amendment expanded the entry requirement, Sexton-Gwin's actions clearly fall within the current burglary statute. We note that this holding is similar to holdings in other jurisdictions regarding entry into engine compartments. *See People v. Henry*, 90 Cal. Rptr. 3d 915, 919 (Cal. Ct. App. 2009) (holding that the defendant's act of prying open the hood of a vehicle constitutes a burglary); *Bragg v. State*, 371 So. 2d 1082, 1083 (Fla. Dist. Ct. App. 1979) (holding that there is no distinction between the engine compartment, the passenger compartment or the trunk and that opening the hood of a vehicle was an entry); *People v. Dail*, 139 Ill. App. 3d 941, 943 (Ill. App. Ct. 1985) (holding that the defendant entered the engine compartment of a vehicle when he reached inside of the engine compartment with his arms and hands and removed the battery); *State v. Pierre*, 320 So. 2d 185, 188 (La. 1975) (determining that opening the hood and stealing a battery from the engine compartment is sufficient to find entry into a vehicle); *State v. Richter*, 451 P.2d 833, 835 (Mont. 1969) ("The wrongful entry into the enclosed automobile engine compartment is an entry into a motor vehicle and is a burglary."); *State v. Nealy*, 308 S.E.2d 343, 345-46 (N.C. Ct. App. 1983) (determining that it was not error to instruct the jury that the movement of a hand from the outside of an opened hood to a position under the hood would be an entry). Therefore, the district court did not err in denying Sexton-Gwin's motion to dismiss.[2]

---

[2]    Sexton-Gwin also claims that the doctrine of lenity should apply, requiring this Court to construe the burglary statute to bar entry into a vehicle's passenger compartment or trunk only.

### III.

### CONCLUSION

Sexton-Gwin entered the vehicle pursuant to the burglary statute by unlatching the cab and pushing it forward, exposing the engine compartment. Therefore, the district court properly denied Sexton-Gwin's motion to dismiss. Accordingly, Sexton-Gwin's judgment of conviction for burglary is affirmed.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**

---

The doctrine of lenity requires courts to construe ambiguous criminal statutes in favor of the accused. *State v. Wees*, 138 Idaho 119, 124, 58 P.3d 103, 108 (Ct. App. 2002). Since we determine the statute to be plain and unambiguous, the doctrine of lenity does not apply and we need not reach this issue.