IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39754

| STATE OF IDAHO, | ) | |
|---|---|---|
| | ) | **2013 Opinion No. 17** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: March 14, 2013** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| BOB LESTER BOREN, aka BOBBY LEE | ) | |
| BOREN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Juneal C. Kerrick, District Judge.

Judgment of conviction for unlawful possession of a firearm, vacated, and order denying motion to dismiss, reversed.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Bob Lester Boren appeals from the judgment of conviction entered upon his conditional guilty plea to unlawful possession of a firearm. Boren asserts that the district court erred when it denied his motion to dismiss the charge because under a proper interpretation of Idaho statutes, his possession of a firearm was not illegal. We agree, and we therefore reverse.

## I.

## BACKGROUND

Boren has two prior felony convictions from other states: one a 1984 conviction in Oregon for delivery of a controlled substance, and the other a 1988 conviction in Nevada for possession of a controlled substance for purposes of sale. On July 15, 2011, police executed a search warrant at Boren's home and discovered a .22 semi-automatic pistol and a .22 rifle in his

1

bedroom. Based on the 1984 and 1988 out-of-state felony convictions, the State charged him with unlawful possession of a firearm in violation of Idaho Code § 18-3316, which criminalizes possession of a firearm by a convicted felon whose right to bear arms has not been restored.

Boren filed a motion to dismiss the charge, asserting that because his convictions occurred prior to July 1, 1991, under I.C. § 18-310 his civil rights, including the right to possess a firearm, were restored upon termination of his probation. The district court denied Boren's motion, after which Boren entered a conditional guilty plea reserving the right to appeal the court's denial of his dismissal motion. Boren timely appeals.

## II.

## ANALYSIS

Idaho Code § 18-3316(1) criminalizes possession of a firearm by a convicted felon, and I.C. § 18-3316(4) exempts convicted felons "whose civil right to bear arms either specifically or in combination with other civil rights has been restored by any other provision of Idaho law." At issue here is the correct interpretation of I.C. § 18-310, which defines the circumstances in which a felon's right to possess firearms will, or will not, be restored.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history, or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id.* Additionally, if a criminal statute is ambiguous, the doctrine of lenity applies and the statute must be construed in favor of the accused. *State v. Dewey*, 131 Idaho 846, 848, 965 P.2d 206, 208 (Ct. App. 1998);

2

*State v. Martinez*, 126 Idaho 801, 803, 891 P.2d 1061, 1063 (Ct. App. 1995). Where a review of the legislative history makes the meaning of the statute clear, the rule of lenity will not be applied. *State v. Jones*, 151 Idaho 943, 947, 265 P.3d 1155, 1159 (Ct. App. 2011).

Boren points to I.C. §§ 18-310(2) and 18-310(4) as the provisions that restore his right to bear arms, while the State points to these same provisions as specifically exempting Boren from restoration of this right. The relevant portions of sections 18-310(2) and 18-310(4) state:

> (2) Upon final discharge, a person convicted of any Idaho felony shall be restored the full rights of citizenship, except that for persons convicted of treason or those offenses enumerated in paragraphs (a) through (jj) of this subsection [which include delivery of a controlled substance and possession with intent to deliver] the right to ship, transport, possess or receive a firearm shall not be restored. . . .
>
> . . . .
>
> (kk) The provisions of this subsection shall apply only to those persons convicted of the enumerated felonies in paragraphs (a) through (jj) of this subsection on or after July 1, 1991, except that persons convicted of the felonies enumerated in paragraphs (s) and (t) of this subsection, for any degree of murder or voluntary manslaughter, shall not be restored the right to ship, transport, possess or receive a firearm regardless of the date of their conviction if the conviction was the result of an offense committed by use of a firearm.
>
> . . . .
>
> (4) Persons convicted of felonies in other states or jurisdictions shall be allowed to register and vote in Idaho upon final discharge which means satisfactory completion of imprisonment, probation and parole as the case may be. These individuals shall not have the right restored to ship, transport, possess or receive a firearm, in the same manner as an Idaho felon as provided in subsection (2) of this section.

Thus, I.C. § 18-310(2) enumerates a list of felonies for which the right to bear arms is not automatically restored upon termination of probation. However, subsection (2)(kk) also provides that for the vast majority of the enumerated offenses committed prior to 1991, including the type of drug offenses for which Boren was convicted in 1984 and 1988, the right to bear arms *is* automatically restored upon termination of probation. Subsection (4) then addresses the rights of persons with convictions from another jurisdiction.

It is the interpretation of the last sentence of subsection (4) that is at issue in the appeal. Boren argues that the sentence provides that persons with out-of-state convictions are to be treated the same as Idaho felons, and because his convictions predated July 1, 1991, the

3

reinstatement of rights under section 18-310(2)(kk) applies to him. The State argues that the subsection (2)(kk) provision does not apply to restore Boren's right to possess firearms because the final sentence of section 18-310(4) means that out-of-state felons simply will not have their right to bear arms automatically restored as Idaho felons will under subsection (2)(kk). That is, the State maintains it does not matter that Boren's felony convictions occurred prior to 1991 because I.C. § 18-310(4) makes clear that for out-of-state convictions, the provisions of subsection (2) do not apply. The district court ascribed to section 18-310(4) the meaning advocated by the State.

Although we acknowledge that the State's interpretation of the last sentence of subsection (4) is not unreasonable, we conclude that it is also not correct. That sentence is awkwardly phrased and ambiguous at best. However, the placement of the comma after the word "firearm" in that sentence calls the State's interpretation into question as a matter of grammatical construction; and consulting the legislative history of this subsection confirms that the State's interpretation is not what was intended by the legislature.

We first address the sentence structure. If the legislative intent in subsection (4) was to bar restoration of rights to persons with out-of-state convictions, there would be no need for the comma at all. Indeed, there would be no need for the entire remainder of the sentence after the word "firearm." The inclusion of the comma followed by the words "in the same manner as an Idaho felon as provided in subsection (2) of this section" indicates that the intent was to make persons with felonies from other states subject to the same subsection (2) limitations on restoration of their rights that apply to Idaho felons. The sentence would then mean that those with felonies from other states may not have their rights restored in the same manner and to the same extent as Idaho felons may not have their rights restored under subsection (2).

The legislative history of subsection (4) discloses that its purpose was indeed to make subsection (2) applicable to persons with felonies from other jurisdictions in the same manner as it is applicable to those with Idaho felonies. Subsection (4) was added by a 2004 amendment. 2004 Idaho Sess. Laws, ch. 166 at 541-43. The minutes of a House State Affairs Committee hearing of January 27, 2004, indicate that the Secretary of State spoke in support of the bill and "said that it ensures that persons who were convicted of a felony in another state . . . and subsequently moved to Idaho will receive the full rights of citizenship. . . . They will be bound by the same restrictions that apply to Idaho felons who have fulfilled their sentence requirements

4

e.g. firearms restrictions." Given this clear statement of the purpose of the legislation, we conclude that subsection (4) makes all provisions and restrictions of subsection (2) applicable to felony convictions from outside of Idaho, including the provisions of subsection (2)(kk).

Accordingly, because Boren's out-of-state convictions for drug offenses were committed prior to 1991, section 18-310(2), and in particular subsection (2)(kk), automatically restored his right to bear arms when he completed his probation for the predicate felonies. It follows that Boren's motion to dismiss this case should have been granted.

The judgment of conviction is vacated, and the district court's order denying Boren's motion to dismiss is reversed.

Chief Judge GUTIERREZ **CONCURS.**

Judge MELANSON, **CONCURRING IN THE RESULT**

I concur in the result reached by the majority. I cannot, however, concur with the conclusion that the state's interpretation of I.C. § 18-310 is wrong. In my view, the meanings attributed to the statute by both the state and the appellant are reasonable. It seems to me, however, that placement of the comma in the last sentence of I.C. § 18-310(4) is not of very much consequence. The sentence reads: "These individuals [persons convicted of felonies in other states] shall not have the right restored to ship, transport, possess or receive a firearm, in the same manner as an Idaho felon as provided in subsection (2) of this section." In addition to the meaning attributed by the majority, reasonable interpretations of this sentence include either that persons convicted in other states shall not have their right to possess a firearm restored at all or that their right to possess a firearm shall not be restored in the same manner as an Idaho felon. Neither of these interpretations is helpful to Boren regardless of the placement or inclusion of a comma. Furthermore, I would hesitate to attribute testimony before the House State Affairs Committee as a statement of legislative purpose. That said, in my view the statute is so amenable to conflicting interpretations that this is a rare instance in which the rule of lenity should be applied and the statute should be strictly construed in favor of the accused. *See State v. Martinez*, 126 Idaho 801, 803, 891 P.2d 1061, 1063 (Ct. App. 1995). When that rule is applied, the majority reaches what I believe to be the correct result.

5