958 P.2d 34

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Neil Lynn NUNES, Defendant–Appellant.**

No. 23408.

Court of Appeals of Idaho.

May 4, 1998.

Timothy L. Felton, Weiser, for Defendant-Appellant.

Hon. Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for Plaintiff-Respondent.

LANSING, Chief Judge.

Idaho Code Section 18–7001 provides that the crime of malicious injury to property is a felony if the value of the property damage exceeds $1,000. The question presented by this case is whether the defendant may be found guilty of a felony if the damage he intended to inflict was of a lesser value but other damage exceeding $1,000 resulted.

## FACTS

Neil Nunes attempted to steal gasoline for his vehicle from a fuel tank owned by a corporation. Nunes intended to break the lock on the tank's valve, but in attempting to do so, he instead broke the valve at the bottom of the tank, causing about 250 gallons of gasoline to spill onto the ground. The mandatory environmental cleanup of the spilled gasoline cost the corporate victim approximately $13,500. Nunes was charged with malicious injury to property resulting in damages in excess of $1,000, a felony under I.C. § 18–7001.

The case was tried before a jury. At the close of the State's case, defense counsel moved for a judgment of acquittal. He argued that the State had not proven that Nunes maliciously caused more than $1,000 worth of damages because the evidence indicated that Nunes had intended to break only the lock on the gas tank. The resulting environmental damage, he argued, was caused by mere negligence. The district court denied the motion and the jury found Nunes guilty of the felony charge. On appeal, Nunes renews his argument that the *mens rea* element for felony malicious injury to property was not proven.

## ANALYSIS

We begin with consideration of the operative statutory language. Idaho Code § 18–7001 defines the offense of malicious injury to property as follows:

> Every person who maliciously injures or destroys any real or personal property not his own, in cases otherwise than such as are specified in this code, is guilty of a misdemeanor, unless the damages caused by a violation of this section exceed one thousand dollars ($1,000) in value, in which case such person is guilty of a felony....

A definition of the term "maliciously," as used in § 18–7001, is provided in I.C. § 18–101(4):

The word "malice," and "maliciously," import a wish to vex, annoy, or injure another person, or an intent to do a wrongful act, established either by proof or presumption of law.

Under this definition, malice takes two alternative forms; it may be a "wish to vex, annoy or injure another" or "an intent to do a wrongful act." Here, the State acknowledges that there is no evidence that Nunes desired to vex, annoy or injure another person, and therefore only the "intent to do a wrongful act" form of malice is at issue.

According to the State's theory, the requisite intent to do a wrongful act was established through evidence that Nunes intentionally smashed the lock on the gasoline tank valve. The State contends that the *mens rea* element of malicious injury to property is satisfied if the defendant intended to damage property of another regardless of whether he intended to cause more than $1,000 worth of damage. Nunes argues, however, that the intent required for this felony is the intent to cause the particular damage that exceeded $1,000. In this case, he asserts, the trial evidence showed only his intent to break the lock, not an intent to break the gas tank valve or to cause the gasoline spill which resulted in more than $1,000 worth of damage. According to Nunes, the injury to property other than the lock was done negligently, not intentionally. Thus, we are asked to determine whether the State must prove, as part of the "malice" component of this offense, that the defendant intended the specific injury or the degree of damage that resulted from the violation.

The question presented is one of statutory construction over which we exercise free review. *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990). In construing a statute, we must attempt to give effect to the intent of the legislature. *Carpenter v. Twin Falls County*, 107 Idaho 575, 582, 691 P.2d 1190, 1197 (1984); *State v. Martinez*, 126 Idaho 801, 803, 891 P.2d 1061, 1063 (Ct.App. 1995). If possible, legislative intent is ascertained from the plain meaning of the statute. *George W. Watkins v. Messenger*, 118 Idaho 537, 539–40, 797 P.2d 1385, 1387–88 (1990).

To support his contention that the State must show, as part of its *prima facie* case, that he intended to cause more than $1,000 worth of damage, Nunes relies on *State v. Nastoff*, 124 Idaho 667, 862 P.2d 1089 (Ct. App.1993) However, we find *Nastoff* to be inapposite. In *Nastoff*, the defendant had intentionally used a chain saw that was unlawfully modified by the removal of the spark arrester. The State's evidence showed that a spark from Nastoff's chain saw caused the fire, and he was convicted of malicious injury to the timber that was burned. There was no evidence that Nastoff intended to start a fire or to otherwise damage property, but the State contended that the "intent to do a wrongful act" form of malice was proved because Nastoff had intentionally operated the chain saw while knowing that it had been unlawfully modified. We held such evidence insufficient to satisfy the malice component of the offense of malicious injury to property. Section 18–7001, we held, "creates culpability for malicious injury to property only where the defendant's conduct causing the injury is accompanied by an intent to injure property of another." *Id.* at 670, 862 P.2d at 1092. We acknowledged that Nastoff may have been negligent in his operation of the saw and that he might be subject to criminal liability under other statutes or to civil liability for damage to the timber. We concluded, however, that in using the term "maliciously" in I.C. § 18–7001, the legislature did not intend to proscribe and punish merely negligent conduct. This holding in *Nastoff* offers no refuge for Nunes, for unlike Nastoff, Nunes did intend to damage the property of another, and the gasoline spill resulted directly from his intentional act of attempting to break the gas tank lock. Nunes' conduct was a deliberate effort to damage another person's property; it was not negligence.

■ The terminology used in Section 18–7001 does not suggest a legislative intent that a defendant, to be answerable for a felony, must have intended to cause harm exceeding $1,000 in value or must have intended the full scope or type of harm resulting from the intentional act of injuring property. The word "maliciously" is used in the first clause of the statute and describes the requisite state of mind with which the injury or de-

struction of property is carried out. The next clause, "unless the damage caused by a violation of this section exceeds one thousand dollars ($1,000) in value," elevates the crime to a felony, but this second clause does not include any state of mind component. That is, the second clause does not specify that the degree of resulting damage must have been intended in order for the offense to be a felony.

Thus, when the State relies upon the "intent to do a wrongful act" form of malice in a prosecution under I.C. § 18–7001, the malice element is satisfied by evidence that the defendant intended to injure the property of another, and the State is not required to prove that the defendant intended the particular degree or scope of injury that ensued from his acts. Our holding is in accord with the generally recognized principle that "[w]ith the crime of malicious mischief, it makes no difference whether *A* intends to injure *B*'s property but actually destroys it, or intends to destroy but actually only injures it." LaFave & Scott, Substantive Criminal Law, § 3.11, p. 387 (1986).

■ Here, Nunes concedes that the State proved that he intended to break the lock on the fuel tank so that he could steal gasoline. This constitutes an intention to do the type of wrongful act that is proscribed by I.C. § 18–7001 and therefore satisfies the malice element of the crime. Nunes' assertion that his conviction for felony malicious injury to property cannot stand because it was based upon an act of negligence is without merit.[1]

The judgment of conviction is affirmed.

PERRY, J., concurs.

SCHWARTZMAN, Judge, specially concurring.

I concur in the opinion and result reached herein. I believe, however, that the central issue in this case relates not to the intent element of *malice*, but rather to the question of *causation*. Defendant's act of breaking the lock and valve is clearly malicious as that term is defined in our statute. His argument should have focused on the issue of causation, i.e. whether the malicious act *caused* damages in an amount exceeding $1,000. Where a specific result is required, such as damages to another's property over a certain amount, criminal liability requires that the defendant's act be the *but for* and *proximate cause* of that result. 1 LaFave & Scott, Substantive Criminal Law, § 3.12(a) at 392 (1986). In this context, a cause of the damages must be a malicious act that sets in motion a chain of events that produces as a direct, natural and probable consequence of said act the damages complained of and without which said damages would not have occurred. *See* CALJIC (Cal. Jury Instr.) § 3.40 (6th ed.1996). Such is clearly the case here, despite defendant's lack of a specific intent to cause the extent of damage ensuing from his malicious act.

---

1. We do not consider whether and to what extent concepts of foreseeability and proximate cause might apply to prosecutions under I.C. § 18– 7001 because those issues have not been raised by the appellant.