120 P.3d 286

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Dennis M. THORNLEY, Defendant–Appellant.**

**No. 30567.**

Court of Appeals of Idaho.

May 19, 2005.

Rehearing Denied June 15, 2005.

Review Denied Sept. 13, 2005.

Pangburn Law Firm, Caldwell, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Robert K. Schwarz, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Dennis M. Thornley appeals from the district court's appellate decision, which reversed a magistrate court order suppressing evidence obtained as a result of a DUI investigation. Thornley argues that the facts known to the police officer when he stopped Thornley were not sufficient to constitute reasonable suspicion for the stop.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

As Thornley was walking out of the Blaine County Sheriff's office, Deputy Weatherly held the door open for him. Deputy Weatherly smelled a strong odor of alcohol coming from Thornley. As Thornley headed in the direction of the parking area, Weatherly confirmed with a member of the sheriff's office staff, through hand signals and gestures, that the staff member also smelled alcohol on Thornley. Weatherly then followed Thornley and observed him in a vehicle starting to back out of a parking space. While standing on the sidewalk, Deputy Weatherly held up a hand and motioned for Thornley to return his vehicle to the parking space and to then come to the officer. Thornley complied and then exited his vehicle. Weatherly asked Thornley if he had been drinking. Thornley first said no but then admitted having one beer. The deputy administered several field sobriety tests, which Thornley failed. Thornley was arrested and taken to the Ketchum Police Department where he submitted to a breath test revealing a blood alcohol concentration (BAC) of .13.

Thornley was charged with misdemeanor driving under the influence, Idaho Code § 18–8004, and subsequently filed a motion to suppress results of the field sobriety tests and the breath test, arguing that the evidence was obtained as a result of an unlawful

seizure. The magistrate court held that Deputy Weatherly's action, motioning Thornley to park the vehicle and come to the deputy, constituted a seizure that was not supported by reasonable suspicion of criminal activity. The State appealed the suppression order to the district court, which reversed. Thornley now appeals from the district court's appellate decision.

## II.

## ANALYSIS

■ Thornley contends that the district court erred in reversing the magistrate's suppression order because the magistrate correctly concluded that the uniformed deputy's hand signals directing Thornley to stop constituted a seizure that was unsupported by reasonable suspicion. Thornley points out that Deputy Weatherly admitted that he observed no unsteadiness in Thornley's walk or other evidence of impairment before Thornley was detained. In response, the State argues that even if the deputy's actions constituted a seizure, the smell of alcohol on Thornley, combined with his act of operating a vehicle, was sufficient to create reasonable suspicion for an investigative stop.

■ In reviewing an order granting or denying a motion to suppress evidence, we defer to the factual findings of the trial court unless those findings are clearly erroneous, but we independently determine whether, based on those factual findings, constitutional requirements have been met. *State v. Medley,* 127 Idaho 182, 185, 898 P.2d 1093, 1096 (1995); *State v. Weber,* 116 Idaho 449, 451–52, 776 P.2d 458, 460–61 (1989). When this Court reviews an appellate decision of a district court, we examine the trial court record independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Bowman,* 124 Idaho 936, 939, 866 P.2d 193, 196 (Ct.App.1993).

■ The Fourth Amendment to the United States Constitution guarantees every citizen the right to be free from unreasonable searches and seizures. The stop of a vehicle constitutes a seizure of its occupants and is therefore subject to the Fourth Amendment restraints. *Delaware v. Prouse,* 440 U.S.

648, 653, 99 S.Ct. 1391, 1395, 59 L.Ed.2d 660, 667 (1979); *State v. Flowers,* 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct.App.1998). A seizure occurs whenever an officer, by means of physical force or show of authority, restrains the liberty of an individual. *United States v. Mendenhall,* 446 U.S. 544, 553–54, 100 S.Ct. 1870, 1876–77, 64 L.Ed.2d 497, 508–09 (1980); *Terry v. Ohio,* 392 U.S. 1, 16, 88 S.Ct. 1868, 1877, 20 L.Ed.2d 889, 902 (1968); *State v. Baker,* 141 Idaho 163, 165, 107 P.3d 1214, 1216 (2004); *State v. Waldie,* 126 Idaho 864, 866, 893 P.2d 811, 813 (Ct.App.1995). However, an officer may, without violating the Fourth Amendment, make an investigative stop of an individual if the officer reasonably suspects that the person has committed or is about to commit a crime. *Florida v. Royer,* 460 U.S. 491, 498, 103 S.Ct. 1319, 1324, 75 L.Ed.2d 229, 236 (1983); *State v. Van Dorne,* 139 Idaho 961, 963, 88 P.3d 780, 782 (Ct.App. 2004); *State v. Sevy,* 129 Idaho 613, 615, 930 P.2d 1358, 1360 (Ct.App.1997). Reasonable suspicion requires less than probable cause but more than speculation or a hunch on the part of the police officer, *Van Dorne,* 139 Idaho at 963, 88 P.3d at 782; *State v. Evans,* 134 Idaho 560, 563, 6 P.3d 416, 419 (Ct.App. 2000), and it must be based upon specific articulable facts. *Terry,* 392 U.S. at 21, 88 S.Ct. at 1880, 20 L.Ed.2d at 905. The reasonableness of the officer's suspicion is evaluated based upon the totality of the circumstances at the time of the seizure. *Evans,* 134 Idaho at 563, 6 P.3d at 419; *Flowers,* 131 Idaho at 208, 953 P.2d at 648.

In the present case, it is unnecessary to determine whether Deputy Weatherly's gestures constituted a show of authority amounting to a seizure, because, assuming that a seizure occurred, the deputy possessed the requisite suspicion of illegal activity. We acknowledge that it is not illegal for individuals to drink an alcoholic beverage and then drive, so long as their BAC remains below the legal limit and they are not under the influence. *See* I.C. § 18–8004. In this instance, however, the smell of alcohol coming from Thornley was not slight or subtle but "strong," and the deputy confirmed that the odor was noticed by another person who had been in proximity to Thornley. These facts

would cause a reasonable person to suspect that Thornley had consumed sufficient alcohol that his BAC would be beyond the legal limit or that he may be under the influence. Accordingly, after Thornley began operating his vehicle there was reasonable suspicion to detain him for investigation of driving under the influence. The magistrate erred in holding otherwise.

The order of the magistrate court granting Thornley's motion to suppress evidence is reversed, and this case is remanded for further proceedings.

Chief Judge PERRY and Judge GUTIERREZ concur.