**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 36147**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | 2010 Unpublished Opinion No. 498 |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: June 4, 2010** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **SHERRI HELEN CASH,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order denying motion to suppress, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Stephen D. Thompson, Special Deputy Appellate Public Defender, Ketchum, for appellant. Stephen D. Thompson argued.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent. Rebekah A. Cudé argued.

_____

WALTERS, Judge Pro Tem

This case involves the search of a motor vehicle by an Idaho state trooper after a traffic stop. Sherri Helen Cash, a passenger in the vehicle, appeals the district court's denial of her motion to suppress evidence of her possession of a controlled substance, methamphetamine, discovered during the search. We affirm the order denying Cash's suppression motion.

## I.

## FACTS AND PROCEDURE

A pickup truck driven by Anthony Gardner was stopped by an Idaho state trooper for multiple equipment violations. Cash was a passenger in the pickup. On approaching and speaking to Gardner, the trooper noticed the smell of alcohol coming from the vehicle. The officer told Gardner and Cash that he could smell an odor of alcohol and asked them if there was any alcohol in the vehicle. The driver told the officer that there was not any alcohol in the

vehicle. The passenger, Cash, said that she had spilled a beer in the vehicle on a prior date. The trooper asked Cash if she had anything to drink on that day and she replied that she had not. As to the odor, the driver said that he did not know anything about it. While the trooper was talking to them, the trooper observed an open can of beer on the floorboard at Cash's feet. Cash admitted that the beer was hers and, at the trooper's request, handed it to another officer who had arrived at the scene. The trooper then asked the driver, Gardner, if he knew about the open can of beer, and Gardner said that he did. The trooper asked Gardner if he had anything to drink. Gardner at first told the trooper "No," but then changed his mind and said that he had some earlier in the day. The trooper had both Gardner and Cash step out of the vehicle.

The trooper had Gardner perform field sobriety tests and he passed the tests. Next, the trooper asked Gardner if there was any other alcohol in the vehicle. Gardner stated that there was not. The trooper then entered the vehicle to search for other open containers. He found only a sealed can of beer, but while in the vehicle observed a methamphetamine pipe in plain view in the top of Cash's open purse which was still in the vehicle. After informing Cash of her *Miranda*[1] rights, he interviewed her about the pipe and then searched her purse, finding a tin of marijuana, a marijuana cigarette, a contact lens case containing methamphetamine and a syringe containing methamphetamine. The trooper arrested Cash and she was charged with possession of methamphetamine, Idaho Code § 37-2732(c)(1).

Cash moved to suppress the evidence found during the search, contending that the stop was illegally extended. After a hearing the district court denied the motion. Cash conditionally pled guilty, reserving the right to appeal the denial of the suppression motion. Cash filed a timely notice of appeal from the judgment of conviction.

## II.

## STANDARDS OF REVIEW

A motion to suppress evidence for violation of constitutional rights presents questions of fact and law. The facts that are material to the issues raised in this appeal are not in dispute. Therefore, we exercise free review in determining whether constitutional standards have been met in light of the facts presented. *State v. Holler*, 136 Idaho 287, 291, 32 P.3d 679, 683 (Ct.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

App. 2001); *State v. Evans*, 134 Idaho 560, 563, 6 P.3d 416, 419 (Ct. App. 2000); *State v. Jordan*, 122 Idaho 771, 772, 839 P.2d 38, 39 (Ct. App. 1992).

The Fourth Amendment to the United States Constitution prohibits government agents from conducting unreasonable searches and seizures and applies to the seizures of persons through arrests or detentions falling short of arrest. *United States v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975); *Terry v. Ohio*, 392 U.S. 1, 16 (1968). When a private vehicle is stopped by the police, all of its occupants are "seized" and may seek suppression of evidence if the seizure did not comply with Fourth Amendment standards. *Brendlin v. California*, 551 U.S. 249 (2007); *State v. Haworth*, 106 Idaho 405, 406, 679 P.2d 1123, 1124 (1984); *State v. Luna*, 126 Idaho 235, 236-37, 880 P.2d 265, 266-67 (Ct. App. 1994). However, a mere passenger in a vehicle has no standing to object to an illegal search of the vehicle. *Id.*

When the purpose of a detention is to investigate a possible traffic infraction or a crime, it must be based at least upon reasonable, articulable suspicion. *Brendlin*, 551 U.S. at 263 n.7. Although an investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop, *Florida v. Royer*, 460 U.S. 491, 500 (1983), a detention initiated for one investigative purpose may disclose suspicious circumstances that justify expanding the investigation to other possible crimes or infractions. *State v. Brumfield*, 136 Idaho 913, 916, 42 P.3d 706, 709 (Ct. App. 2001). An individual may not be detained even momentarily beyond that necessary without reasonable, objective grounds for doing so. *State v. Gutierrez*, 137 Idaho 647, 652, 51 P.3d 461, 466 (Ct. App. 2002). "Whether an officer had the requisite reasonable suspicion to detain a citizen is determined on the basis of the totality of the circumstances," *State v. Van Dorne*, 139 Idaho 961, 964, 88 P.3d 780, 783 (Ct. App. 2004) (quoting *Wilson v. Idaho Transp. Dep't*, 136 Idaho 270, 276, 32 P.3d 164, 170 (Ct. App. 2001)), which includes the experiences and training of the officer.

## III.

## ANALYSIS

Here, the trooper stopped the vehicle on probable cause of multiple traffic violations and Cash does not challenge the lawfulness of the initial stop or the officer's investigation of those offenses. After the stop was effectuated, the trooper smelled beer, inquired as to its source, and Cash eventually admitted to possessing an open can of beer. Cash does not challenge the lawfulness of the trooper's investigation of the source of the odor of beer. Cash also does not

3

challenge the lawfulness of the trooper's investigation into whether Gardner was driving under the influence by having him perform field sobriety tests. Instead, Cash contends that the extension of the stop after Gardner passed the field sobriety tests, to include the trooper's entry into the vehicle to search for more open containers, was "unreasonable."

In *State v. Wigginton*, 142 Idaho 180, 125 P.3d 536 (Ct. App. 2005), a state trooper observed a vehicle weave over the centerline three times. The trooper stopped the car and upon approaching the vehicle noticed that driver Wigginton's eyes were bloodshot and that there was an "overwhelming" smell of alcohol coming from the vehicle. The passenger explained that someone had previously spilled a beer and that the odor was enhanced when the heater was running. Both Wigginton and the passenger denied drinking alcohol that night. The trooper had Wigginton perform field sobriety tests, which he passed. The trooper then searched the car for an open container of alcohol, and found ingredients and equipment commonly used in manufacturing methamphetamine. This Court held that under the circumstances there existed probable cause to search the vehicle for an open container being transported in violation of I.C. § 23-505. *Id.* at 182-83, 125 P.3d at 538-39. The Court determined that an odor of alcohol that may be coming from the occupants rather than from something else within the vehicle alone is insufficient to justify a search of the vehicle, but the existence of additional information pointing to the likelihood of an open alcoholic beverage container in the vehicle gives rise to probable cause for a search. *Wigginton*, 142 Idaho at 183, 125 P.3d at 539.

Here, Cash argues that the trooper's continued investigation into whether more than one open container was in the vehicle constituted an unreasonable and unlawful extension of the detention in that "no objective, reasonable grounds testified to by the officer or in existence before the District Court justified the additional detention." The record disproves this assertion. At the hearing, the trooper testified that although Gardner and Cash denied the existence of another open container in the vehicle, by that time he had already caught the two in multiple inconsistencies and lies concerning the existence of containers of alcoholic beverages in the vehicle which might explain the odor of alcohol emanating from the vehicle. The trooper further said that he continued his open container investigation and searched the vehicle because "in my experience, when there's one [open container in a vehicle], more times than not there's other multiple open containers."

4

It is clear that the existence of each open alcoholic beverage container present in a motor vehicle would constitute a separate violation of I.C. § 23-505. The fact that an officer has found one such container, which might possibly explain the odor detected in the vehicle, does not preclude the officer from confirming whether that container was the only one by searching for more containers. This is true particularly where more than one person is present in the vehicle who might each be charged with violating the provisions of I.C. § 23-505 relating separately to drivers and to passengers.

The facts known to the trooper pointed to the likelihood of additional containers of alcoholic beverages in the vehicle, possibly one or more belonging not just to the passenger Cash but also to the driver, Gardner. Cumulatively, these facts gave probable cause for the search to determine whether such containers existed and whether they were open or sealed. The district court correctly held that the stop was not unreasonably extended by the trooper's continued open container investigation.

## IV.

## CONCLUSION

The district court's denial of the motion to suppress and the judgment of conviction are affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**