**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 6, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAVIER ANDRADE-VALLE, a/k/a
JAVIER VALLE-ANDRADE, also
known as JAVIER ANDRADE,

      Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

No. 13-9607
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

Javier Andrade-Valle, a native and citizen of Mexico, seeks review of a

decision of the Board of Immigration Appeals (BIA) denying his motion to reopen

---

    [*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

    [**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

removal proceedings. Exercising our jurisdiction under 8 U.S.C. § 1252, we DENY the petition for review.

## I. Background

Andrade-Valle entered the United States in 1999 on a visitor's visa that authorized him to remain in the United States for six months. He never returned to Mexico and continued to remain in the United States in violation of his temporary visa. In November 2012, the Department of Homeland Security (DHS) commenced removal proceedings against Andrade-Valle. Andrade-Valle conceded he was removable under 8 U.S.C. § 1227(a)(1)(B), as an alien who has remained in the United States for a time longer than permitted. The government also argued he was removable (1) as an alien convicted of a crime of moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(i), for a prior theft offense, and (2) as an alien convicted of a violation relating to a controlled substance under 8 U.S.C. § 1227(a)(2)(B)(i). The latter two charges were based on Idaho state convictions for petty theft and possession of drug paraphernalia in 2001 and 2002.

On November 19, 2012, the immigration judge (IJ) ordered removal. The IJ found that Andrade-Valle conceded removability under 8 U.S.C. § 1227(a)(1)(B) and that he was also removable based on the state convictions. The IJ held that he was not eligible for cancellation of removal because he had been convicted of more than one crime of moral turpitude and a crime relating to

drug paraphernalia, denied his request for a continuance to pursue post-conviction relief, and ordered him removed to Mexico.

The BIA affirmed the removal order. The BIA found that Andrade-Valle was removable based on his admission that he overstayed his tourist visa. The BIA also affirmed the IJ's conclusions that Andrade-Valle was removable under § 1227(a)(2)(A)(i) and § 1227(a)(2)(B)(i) based on the state convictions for petty theft and possession of drug paraphernalia. The BIA then concluded that Andrade-Valle had not carried his burden of establishing his eligibility for relief from removal—he did not request any relief from removal—or grounds for voluntary departure. The BIA dismissed Andrade-Valle's appeal on March 28, 2013. He did not appeal that order to this court.

Instead, Andrade-Valle filed a motion to reopen with the BIA on September 18, 2013. He asked the BIA to remand to the IJ based on changed circumstances that materially affected his eligibility for relief—namely, that his state convictions for petty theft and possession of drug paraphernalia had been vacated as of July 19 and 23, 2013. Andrade-Valle nevertheless conceded he was still removable for overstaying his tourist visa.

The BIA denied Andrade-Valle's motion to reopen. It concluded first that the motion to reopen was untimely because it was not filed within 90 days of the BIA's final administrative decision regarding removability. Even assuming he was no longer removable under §§ 1227(a)(2)(A)(i) and (a)(2)(B)(i) on the basis

-3-

of his 2001 and 2002 state convictions, the BIA concluded he remained removable under § 1227(a)(1)(B) for overstaying his visa. The BIA then found that Andrade-Valle did not bear his burden of showing his eligibility for cancellation of removal because his criminal record reflected 2012 convictions for malicious injury to property and petty theft under Idaho state law. The BIA accordingly denied his petition to reopen the proceeding.

Andrade-Valle now challenges the denial of his motion to reopen, arguing that the BIA abused its discretion in denying his motion to reopen and erred as a matter of law in determining his 2012 conviction for malicious injury to property was a crime of moral turpitude.

## II. Discussion

We review the BIA's discretionary decision to deny Andrade-Valle's motion to reopen his removal proceedings for abuse of discretion. *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1361–62 (10th Cir. 2004); *see also Kucana v. Holder*, 558 U.S. 233 (2010). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Infanzon*, 386 F.3d at 1362 (internal quotation marks omitted). But there is no abuse of discretion if "although the BIA's decision is succinct, its rationale is clear, there is no departure from established policies, and its statements are a correct

-4-

interpretation of the law." *Galvez Pineda v. Gonzales*, 427 F.3d 833, 838 (10th Cir. 2005).

The BIA may deny a motion to reopen on any of three independent grounds: (1) the alien has not "established a prima facie case for the underlying substantive relief sought"; (2) the alien has not "introduced previously unavailable, material evidence"; or (3) in cases where the ultimate grant of relief is discretionary, where the BIA "simply determine[s]" that the alien would not be entitled to the discretionary grant of relief." *INS v. Abudu*, 485 U.S. 94, 104–05 (1988).

Absent certain exceptions which Andrade-Valle has not alleged here, a motion to reopen must be filed within 90 days of the date of entry of the final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(A)-(C)(i); 8 C.F.R. § 1003.2(c)(2). Andrade-Valle filed his motion to reopen almost six months after the BIA's final order of removal on March 28, 2013. Thus, his motion was untimely. "Untimely motions to reopen to pursue an application for adjustment of status [that] . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen before the [BIA] . . . will ordinarily be denied." *In re Yauri*, 25 I. & N. Dec. 103, 105, 2009 WL 3497112 (BIA 2009). The BIA did not abuse its discretion in denying Andrade-Valle's untimely motion to reopen.

Andrade-Valle then argues that the BIA erred as a matter of law in finding that he had not shown he was eligible for cancellation because his 2012

conviction for malicious injury to personal property was not a crime of moral turpitude and that the BIA's failure to remand deprived him of due process. We disagree.[1]

To be eligible for cancellation, an alien who has conceded removability bears the burden of establishing that he is eligible for cancellation. *Garcia v. Holder*, 584 F.3d 1288, 1289 (10th Cir. 2009). Under the applicable section of 8 U.S.C. § 1229b, the alien must show he is of "good moral character" and has not been convicted of an offense under 8 U.S.C. §§ 1182(a)(2), 1127(a)(2), or 1127(a)(3). *See* § 1229b(1)(B)-(C). Section 1127(a)(2) lists criminal offenses rendering an alien removable, including, among others, crimes of moral turpitude. It is the alien who bears the burden of showing that any past crime is not the type of offense that would disqualify him for cancellation of removal. *Garcia*, 584 F.3d at 1290; *Dzerekey v. Holder*, No. 13-9570, 2014 WL 1509207 at *3 (10th Cir. Apr. 18, 2014).

The BIA concluded, based on Andrade-Valle's 2012 criminal record showing his convictions for malicious injury to property under Idaho Code § 18-

---

[1] Although we lack jurisdiction to review discretionary determinations under § 1229b, we retain jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). The narrow category of "questions of law" includes issues of statutory construction. *Alzainati v. Holder*, 568 F.3d 844, 850 (10th Cir. 2009); *see also Garcia v. Holder*, 584 F.3d 1288, 1289 n.2 (10th Cir. 2009). We review the BIA's legal determinations of questions of law de novo. *Alzainati*, 568 F.3d at 851.

7001 and petty theft under Idaho Code § 18-2407(2), that Andrade-Valle had not

borne that burden:

> The respondent has not shown that these convictions
> have been vacated since his hearing, and his motion does
> not address the effect of these convictions.  Based on the
> October 2012 criminal record, the respondent has not
> shown that he was not convicted of an offense under
> section 212(a)(2) or 237(a)(2) of the Act.

(citations omitted).  App. 3.  Andrade-Valle argues that the only crime the BIA

could have found constituted a crime of moral turpitude was the malicious injury

to property conviction, as the petty theft offense was exempt from consideration

under the "petty offense" exception in 8 U.S.C. § 1182(a)(2)(A)(ii).[2]  Assuming

that inference is true, he asks us to conclude that the BIA erred as a matter of law

in determining that the malicious injury to property conviction was a crime of

moral turpitude.

But under *Garcia*, Andrade-Valle's attempt to shift the burden of proof

from himself to the BIA is impermissible.  Andrade-Valle bore the burden of

showing that his petty theft came under the "petty offense" exception—which

---

[2]  He also argues that the BIA abused its discretion because its "cursory
language and mere citation to [the INA]" fail to show on which ground the BIA
denied his motion.  Aplt. Br. 21.  We disagree.  The BIA's statement citing to the
required elements for eligibility for cancellation show that the BIA found, based
on his 2012 convictions, that Andrade-Valle had not made out a prima facie case
for relief.  *Cf. Mickeviciute v. INS*, 327 F.3d 1159, 1162 (10th Cir. 2003)
(appellate court was unable to determine which *Abudu* ground BIA relied on
where BIA simply stated that "it would not be appropriate" to grant relief alien
sought).

only applies if the alien committed only *one* crime of moral turpitude, § 1182(a)(2)(A)(ii). And even if the "petty offense" exception applied, he still bore the burden of showing that neither his petty theft conviction nor his malicious injury to property conviction were crimes of moral turpitude under § 1127(a)(2). *In re Pedroza*, 25 I. & N. Dec. 312, 315, 2010 WL 3263415 at *4 (BIA 2010).

"Moral turpitude refers to conduct which is inherently base, vile, or depraved, contrary to the accepted rules of morality and duties owed between man and man, either one's fellow man or society in general." *Efagene v. Holder*, 642 F.3d 918, 921 (10th Cir. 2011) (citations and internal quotations omitted). The BIA has frequently held that "evil intent" is a touchstone of determining whether a crime is one of moral turpitude. *See Partyka v. Att'y Gen.*, 417 F.3d 408, 413 (3d Cir. 2005) (collecting cases). To determine if a particular conviction under state law meets the definition of a removable offense, we analyze the elements of the state law offense using the traditional categorical approach. *Efagene*, 642 F.3d at 921. Thus, we determine only whether the statutory definition of the offense is a crime of moral turpitude without reference to the facts of conviction. *Id.*

The Idaho statute under which Andrade-Valle defines the offense as "maliciously injur[ing] or destroy[ing] any real or personal property not his own, or any jointly owned property without permission of the joint owner, or any

-8-

property belonging to the community of the person's marriage." Idaho Stat. 18-7001.[3]  The required mens rea is the specific intent to injure the property of another.  *State v. Nunes*, 958 P.2d 34, 35 (Idaho Ct. App. 1998).  The BIA has held that intentional or malicious destruction of property qualifies as a crime of moral turpitude.  *See In the Matter of P y M,* 4 I. & N. Dec. 461, 462, 1951 WL 7041 at *2 (BIA 1951); *In the Matter of M*, 3 I. & N. Dec. 272, 274, 1948 WL 6270 at *2 (BIA 1948).  Accordingly, the statute only reaches conduct that qualifies as a crime of moral turpitude.  Although the BIA's conclusion could have been more thorough, its conclusion was not contrary to law.  We therefore agree that Andrade-Valle did not bear his burden of demonstrating that he was not convicted of a crime of moral turpitude, or that the "petty offense exception" necessarily applied.

Finally, Andrade-Valle appears to argue that the BIA's reliance on his 2012 convictions violates due process because he was never "put on notice" that his conviction for malicious injury to property could be considered a crime of moral turpitude.  Aplt. Br. at 22.  This claim has no merit.  An alien in removal proceedings is entitled "only to procedural due process, which provides the opportunity to be heard at a meaningful time and in a meaningful manner."  *Alzainati v. Holder*, 568 F.3d 844, 851 (10th Cir. 2009) (citations and internal

---

[3]  On appeal, Andrade-Valle concedes that his petty theft crime was one of moral turpitude.  Aplt. Br. at 21.

quotation marks omitted). Moreover, an alien may only prevail on a due process claim if he establishes prejudice. *Id.*

Andrade-Valle supplied his full criminal record, which included the 2012 convictions, to the IJ and the BIA. The IJ noted the 2012 convictions in the initial hearing, but apparently chose to base its ruling on the 2001 and 2002 convictions. Andrade-Valle was aware of his 2012 convictions and the potential for those convictions to bar his cancellation of removal request. But he did not address these convictions in his motion to reopen, arguing that he was "no longer removable" and was eligible to file a cancellation for removal. App. 24. Finally, Andrade-Valle did not suffer any prejudice from the BIA's decision not to reopen based on the 2012 convictions, because the BIA would have denied the petition in any event for being untimely. We accordingly find Andrade-Valle was not deprived of due process.

For the foregoing reasons, we DENY the petition for review.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge

-10-