**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51947**

| | |
|---|---|
| STATE OF IDAHO, )<br><br>    Plaintiff-Respondent, )<br><br>v. )<br><br>CHANCE JORDAN PICKENS, )<br><br>    Defendant-Appellant. )<br>                               ) | **Filed:  September 9, 2025**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County.  Hon. Robert C. Naftz, District Judge.

Order denying motion to suppress, <u>affirmed</u>; judgment of conviction, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Chance Jordan Pickens appeals from his judgment of conviction for felony driving under the influence (DUI).  Pickens argues that mindful of relevant authority, the district court erred in denying his motion to suppress because Officer Boyd lacked reasonable suspicion to conduct an investigative detention.  The State argues the district court properly concluded that the totality of the circumstances gave rise to reasonable suspicion.  We hold the district court did not err in denying the motion to suppress.  The district court's order denying Pickens' motion to suppress and Pickens' judgment of conviction are affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

During an early morning patrol, Officer Boyd observed a man, later identified as Pickens, laid back in the driver's seat of a vehicle parked in a trailhead parking lot.  Concerned that Pickens was not breathing because of the way his body was slumped over, Officer Boyd began knocking

1

on the driver's side window of the vehicle. Officer Boyd heard Pickens moaning through the door and asked Pickens if he was okay, but did not get a response. Because Pickens did not respond, Officer Boyd opened the door; once the door was open, Officer Boyd smelled a strong odor of alcohol coming from the vehicle. Pickens told Officer Boyd he was planning to sleep in his vehicle and Officer Boyd advised him not to drive or he could be arrested for DUI. Officer Boyd then ended the encounter and went back to his traffic patrol duties.

Approximately ten to fifteen minutes later, Officer Boyd returned to the trailhead parking lot and observed that the same vehicle from before had moved, and the engine was running. At that point, Officer Boyd turned on his overhead emergency lights and approached the driver's side door, which Pickens had already opened. Officer Boyd told Pickens he was going to be placed under arrest for DUI and asked Pickens to perform field sobriety tests, which Pickens refused. Officer Boyd also asked Pickens to submit to two breath tests, which Pickens also refused. Pickens then refused to exit his vehicle. Officer Boyd called for backup.

After the additional officers arrived, Pickens still refused to exit his vehicle but told the officers to look through the driver's side window to verify that his keys were not in the ignition. When an officer went to the passenger side window to check, the officer observed a firearm on the passenger seat and open containers of alcohol inside the vehicle. Another officer then observed Pickens reach toward the firearm, so she instructed Officer Boyd to remove Pickens from the vehicle. After a brief altercation with the officers, Pickens was placed under arrest for suspicion of DUI. Officer Boyd took photographs of the firearm and the open containers in Pickens' vehicle.

Pickens was charged with felony DUI, Idaho Code §§ 18-8004, -8005(6); two counts of misdemeanor resisting, delaying, and obstructing an officer, I.C. § 18-705; and possession of an open container of alcohol, I.C. § 23-505(2). Pickens filed a motion to suppress all evidence seized during the encounter arguing that the evidence was obtained from an unlawful seizure. Pickens argued Officer Boyd did not have a reasonable and articulable suspicion to conduct an investigatory stop as required by the Fourth Amendment to the United States Constitution and Article 1, section 17 of the Idaho Constitution. At the hearing on the motion to suppress, Pickens stipulated that the only issue before the district court was whether Officer Boyd had sufficient reasonable suspicion to detain Pickens during the second encounter. The State argued that because it had only been about ten to fifteen minutes between the initial encounter and the second encounter, reasonable suspicion of DUI from the first encounter still existed. Following the

hearing, the district court issued a written memorandum decision and order denying Pickens' motion to suppress. Pursuant to a plea agreement, Pickens entered a conditional guilty plea to felony DUI and the State dismissed the misdemeanor resisting, obstructing, delaying an officer, and the open container charges. Pickens appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Pickens argues that mindful of relevant authority, the district court erred in denying his motion to suppress. In his memorandum in support of his motion to suppress, Pickens asserted the first encounter did not give Officer Boyd reasonable suspicion to conduct an investigative detention. Specifically, Pickens argued the only information Officer Boyd possessed at the time of the first encounter was that an individual was allegedly unresponsive in the driver's seat of a vehicle that was not running and did not have keys in the ignition. Pickens further argued that because Officer Boyd did not ask Pickens to perform standardized field sobriety tests during the first encounter, Officer Boyd did not gain enough information to support his suspicion of intoxication that he relied on to arrest Pickens during the subsequent encounter.

On appeal, Pickens asserts the odor of alcohol, being unresponsive, and mumbling is insufficient to give rise to reasonable suspicion to conduct a DUI investigation. He requests that this Court reverse the district court and suppress all evidence obtained during and after the encounter as fruits of the poisonous tree.

The State argues the district court properly denied Pickens' motion to suppress, and that Pickens fails to show the district court erred. The district court found that Officer Boyd was acting

3

pursuant to the community caretaking function during his initial encounter with Pickens.[1] During the subsequent encounter, the district court found that, based on the totality of the circumstances, Officer Boyd had the requisite reasonable suspicion to detain Pickens and investigate for a possible DUI. Specifically, the district court considered how Officer Boyd testified at the suppression hearing that Pickens was slow to respond to the officer's knocking and the vehicle "reeked" of alcohol when Pickens opened his door during the first encounter. Approximately fifteen minutes later, when Officer Boyd returned to the parking lot, Pickens' vehicle had been moved, and the engine was running.

The Fourth Amendment protects individuals from unreasonable searches and seizures by the government or its agents. U.S. CONST. amend. IV. A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. However, an officer may make a brief investigative stop of an individual if the officer reasonably suspects that the person has committed or is about to commit a crime without violating the Fourth Amendment. *State v. Huntley*, 170 Idaho 521, 526, 513 P.3d 1141, 1146 (2022). Reasonable suspicion requires less than probable cause but more than speculation or a hunch on the part of the police officer. *State v. Bishop*, 146 Idaho 804, 811, 203 P.3d 1203, 1210 (2009); *State v. Evans*, 134 Idaho 560, 563, 6 P.3d 416, 419 (Ct. App. 2000). Reasonable suspicion must be based on specific articulable facts. *Terry v. Ohio*, 392 U.S. 1, 21 (1968). The reasonableness of the officer's suspicion is evaluated based upon the totality of the circumstances at the time of the seizure. *State v. Bonner*, 167 Idaho 88, 94, 467 P.3d 452, 458 (2020); *Evans*, 134 Idaho at 563, 6 P.3d at 419.

The district court correctly concluded that Officer Boyd possessed reasonable suspicion. In *State v. Wigginton*, 142 Idaho 180, 183, 125 P.3d 356, 539 (Ct. App. 2005), this Court held that an "overwhelming" odor of alcohol emanating from a vehicle combined with the fact that the driver of the vehicle had hit a rock was sufficient to establish probable cause to search the vehicle. Likewise, in *State v. Thornley*, 141 Idaho 898, 900-01, 120 P.3d 286, 288-89 (Ct. App. 2005), this Court held that the strong smell of alcohol emitting from an individual who then began operating a vehicle was sufficient to establish reasonable suspicion to conduct further investigation.

---

[1] Pickens does not challenge the district court's finding that Officer Boyd was acting pursuant to the community caretaker function.

Here, Officer Boyd observed Pickens unconscious in his vehicle at approximately 4:30 in the morning. When Officer Boyd inquired as to Pickens' condition, Pickens' responses were slow, and Officer Boyd could smell the strong odor of alcohol emanating from the vehicle. The district court noted the similarities between this case and *Thornley*, and thus held that pursuant to *Thornley*, Officer Boyd had reasonable suspicion that Pickens was driving under the influence of alcohol.

Pickens argues the smell of alcohol combined with his slow reactions was insufficient to establish reasonable suspicion for Officer Boyd to conduct an investigative detention. We disagree. "An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training." *State v. Bordeaux*, 148 Idaho 1, 7, 217 P.3d 1, 7 (Ct. App. 2009) (quoting *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988)). In this case, Officer Boyd testified at the suppression hearing that based upon his training and experience, the fact that it was difficult to awaken Pickens, combined with Pickens' slow and mumbled responses and the strong odor of alcohol, made Officer Boyd concerned that Pickens was under the influence of alcohol or illicit substances. Like in *Thornley*, this was sufficient to establish probable cause for an investigative detention. Thus, the district court did not err in denying the motion to suppress.

## IV.

## CONCLUSION

Officer Boyd had reasonable and articulable suspicion to believe that Pickens was operating his vehicle while under the influence of alcohol based on the totality of the circumstances. The district court did not err in denying Pickens' motion to suppress. Therefore, the district court's order denying Pickens' motion to suppress and Pickens' judgment of conviction are affirmed.

Judge TRIBE and Judge Pro Tem MELANSON, **CONCUR**.